**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**


**MARION J. JAMMES, JR.,**

      **Plaintiff,**

**vs.**                                     **CASE NO. 1:05CV52-MP/AK**

**SGT. JAMES, et al,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

      Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants failed to protect him from an inmate attack and were deliberately indifferent to his serious medical needs.  (Doc. 30).  Defendants Karen Johnson, Nancy Thorlakson, Joan English, and First Correctional Medical have filed motions to dismiss. [1]  (Docs. 36, 52, 53, and 48).  Plaintiff, who is represented by counsel, has responded. (Docs. 45, 58 and 49).

**I.**      **Second Amended Complaint (Doc. 30).**

      Plaintiff claims that he was housed in the E Dormitory of the Alachua County Jail on July 28, 2004, when he overheard a conversation between inmate Abelardo Cervantes and his associates that resulted in a verbal confrontation.  The confrontation

_____

      [1]  Defendant James has answered the complaint (doc. 46), but has not moved to dismiss, and the remaining defendant, Dr. W. B. Turner, has not been served.  Pursuant to Rule 4(m), Federal Rules of Civil Procedure, a defendant must be served within 120 days of the filing of the complaint which was served in this case on February 13, 2006.

was observed by Detention Officer Tyrone Gray, who removed Plaintiff from the dormitory and alerted his superior, Defendant Sgt. James, who interviewed Plaintiff about the incident.  Plaintiff told both Gray and Defendant James that he was concerned for his safety and feared for his life because of information he had about Cervantes and asked not to be returned to the dormitory.  Allegedly Defendant James became aggravated with Plaintiff when he would not reveal the information without his attorney present and told Gray to return Plaintiff to E Dormitory because that might encourage him to disclose the information.  Plaintiff was returned and shortly thereafter he was attacked by Cervantes and suffered severe injuries to his left eye, right hand and the left side of his neck and back.

Plaintiff claims that Defendant English examined him and told him that he had pulled muscles in his neck and back and his hand was sprained.  No x-rays were taken. She referred him to the eye clinic for those injuries and he was told there to return in two weeks for testing.

Plaintiff claims that he was never returned for his eye check up and received no treatment or medication for his hand, neck and back.  He wrote two sick call requests (August 1, 2004, and August 12, 2004) claiming that his hand was broken and he was in pain, but these requests were ignored until August 18, 2004.  At that time, Plaintiff was seen by a female practitioner and the examination notes are signed by Dr. W.B. Turner and Nancy Thorlakson, LPN.  The notes indicate that the small finger in his right hand was broken and an x-ray was needed, but no other treatment was provided.

**No. 1:05cv52-mp/ak**

Plaintiff submitted a third request for medical treatment on August 27, 2004, complaining of pain and poor vision, and on August 31, 2004, he was examined by Defendant English who noted that the x-ray had shown an "avulsion fracture" and an orthopedic consultation was needed.

Plaintiff submitted a fourth request for medical treatment on September 13, 2004, directly to Defendant Johnson.  An orthopedic consultation was done on September 15, 2004, at which Plaintiff was told that corrective surgery was required.

Plaintiff submitted a fifth request for relief on September 20, 2004, and was told he was on sick call, but received no meaningful treatment for his eye, hand, neck or back from the jail and he was released from the jail on October 6, 2004.  He still has not had corrective surgery on his hand and has a black spot in his field of vision and has visible injuries on his back and neck.

Plaintiff has not provided copies of his grievances because he says copies were not returned to him, but he recites the following chronology of his efforts:

July 28, 2004-Informal Grievance regarding Defendant James' decision to return him to E dormitory where Plaintiff was injured.  Grievance given to unnamed detention officer who did not sign it or give a copy to Plaintiff.

August 1, 2004-Informal grievance regarding his hand.  No response provided. [Plaintiff states that he began receiving harassment and retaliation and determined not to pursue grievances against Sgt. James]

September 13, 2004-Informal grievance concerning lack of medical care given directly to Defendant Johnson, who did not respond.

**No. 1:05cv52-mp/ak**

October 1, 2004-Formal grievance concerning lack of medical care to which Defendant Johnson responded on October 4, 2004, with notation "NIC" meaning "not in custody," but Plaintiff was not transferred to DOC until October 6, 2004.

## II.    Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss.  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).  However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168.  The "court need

**No. 1:05cv52-mp/ak**

not accept 'sweeping and unwarranted averments of fact.'"  *Id.*, *citing* Perniciaro v.

Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820

F.2d 1245, 1254 (D.C. Cir. 1987).  Claims which "rely upon conclusory statements of

law" need not be accepted.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir.

1995).  Conclusory statements and their inferences "are not sufficient to defeat a motion

to dismiss for failure to state a claim."  Northern Trust Co., 69 F.3d at 129; *see also*

Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding

"[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was

injured thereby will not survive a motion to dismiss if not supported by facts constituting

a legitimate claim for relief.")

   *Pro se* complaints are to be held to a less stringent standard than those drafted

by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines

v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However,

a plaintiff is still required to "set forth factual allegations, either direct or inferential,

respecting each material element necessary to sustain recovery under some actionable

legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be

assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de

Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California,

Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L.

Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is

quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85

**No. 1:05cv52-mp/ak**

F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## III.    Analysis

All four motions to dismiss are premised on Plaintiff' failure to exhaust the grievance procedure at Alachua County Jail.  The exhaustion requirement of § 1997e(a) is mandatory.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; see also Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.");  Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement);  Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, citing Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in

**No. 1:05cv52-mp/ak**

a civil rights case, he must complete the prison administrative process if it could provide

some sort of relief on the complaint although no money could be given administratively.

Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An

inmate must not only commence the grievance process, he must perfect his appeal to

the highest administrative level in the process.  Alexander, 159 F.3d at 1323.[2]

The parties agree upon the structure of the grievance procedure at Alachua

County Jail, which is three tiered with an Informal Grievance, a Formal Grievance, and

an Appeal.[3]  The parties also agree that Plaintiff did not complete the grievance

procedure, although Defendants acknowledge only the October 4, 2004, grievance.

Defendants argue that Plaintiff must exhaust the grievance procedure by following

_____

[2]  In Alexander, this Court set out seven policies favoring exhaustion: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." Id. at 1327, *quoting* Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705, 712 (11th Cir.1992).

[3]  The parties reference Defendant Johnson's and Karen Keith's affidavits (doc. 23), which were attached to a previously filed motion to dismiss (doc. 22), but these affidavits will not be considered in association with the present motion to dismiss because consideration of evidentiary materials would require conversion of this motion into one for summary judgment, the materials are unnecessary to a determination of the issue because the Court is familiar with the grievance procedure at the jail and the parties agree upon the procedure, and the motion to which the affidavit was associated was deemed moot after the filing of the second amended complaint.  (See Doc. 50).

**No. 1:05cv52-mp/ak**

through to appeal and that the grievance he filed did not even mention any of them by name or in a manner as to put them on notice that their acts or omissions were at issue.

Plaintiff argues in response that he was thwarted in his pursuit of administrative relief by Defendants' failure to respond to his informal grievances or to return copies of his efforts to him, and therefore, this constitutes exhaustion of all the remedies *available* to him.  He further argues that the grievances were sufficient notice that he sought medical care and because the grievance was directed to Defendant Johnson, who was responsible for the "area of the problem." it was not necessary that he name specific persons.[4]

The Court has read the cases cited by Plaintiff in support of his arguments and finds them unpersuasive.  Even accepting his allegations as true, that he filed three informal grievances, Plaintiff admits that he did not attempt to *complete* the grievance process at the jail.  See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) ("There is no dispute that [Plaintiff] timely filed his grievances and appeals at each step of the [prison's] process."); Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002) (substantial compliance doctrine is not applicable to prisoner exhaustion requirements and dismissal is appropriate where inmate begins, but does not complete process).  The holding in Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002), that failure to respond to grievances makes the remedy unavailable, is not the law of the Eleventh Circuit, which has recently

---

[4]  It is not required that defendants later sued be named specifically in the grievances.  Jones v. Bock, 127 S. Ct. 910, 913 (2007).  This argument will not be specifically addressed because it is recommended that dismissal is appropriate for failure to complete the grievance process.

**No. 1:05cv52-mp/ak**

been upheld by the Supreme Court.  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).  In

Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA,

"an invigorated exhaustion provision," and cited with approval the Eleventh Circuit's

position that exhaustion is a mandatory provision, no longer left to the discretion of the

district court, and that a prisoner must complete the process as the institution requires,

including appeals.  Id., at 2384.  The policies cited by the Court for making exhaustion

mandatory are that it provides prisoners with an effective incentive to use the process,

which gives the institution a fair opportunity to correct its own errors; and thereby,

reduces the number of prisoner suits and improves the quality thereof.  Id., at 2387-

2389.

Plaintiff contends that he did not pursue his administrative remedies because he

never got a response to the first step.  Accepting this excuse and Plaintiff's argument

that this inaction on the part of the institution renders the process "unavailable" within

the meaning of the PLRA would completely undermine the effectiveness of a grievance

procedure and is wholly contrary to the rationale expressed by the Supreme Court in

Woodford.  If Plaintiff failed to receive a response to his initial grievance, then he should

have sought administrative relief on this ground, too, to give the institution the

opportunity to remedy this problem as well.  The very requirement that an inmate appeal

the problems to the higher echelon of the facility offers a better chance of getting relief

by getting the attention of those not involved in the immediate supervision of the

inmates, but who are responsible for supervision of the officers and other personnel.

**No. 1:05cv52-mp/ak**

Finally, Plaintiff's argument that there is a factual issue regarding exhaustion that should not be decided as a matter of law is not well taken.  See Baughman v. Harless, 2005 WL 1806442 (10th Circuit) (factual issues regarding exhaustion should not be determined on motion for summary judgment).  While there is an issue as to how many grievances Plaintiff filed and the contents thereof, he admits that he did not complete the process on any of them.  Thus, the only real dispute is whether this constitutes exhaustion within the meaning of the PLRA and the case law supports a finding that it does not.

      b)    State law negligence claims

Plaintiff asserts common law negligence claims against Defendants First Correctional, Joan English, Nancy Thorlakson, and Karen Johnson,[5] claiming that they negligently failed to provide evaluation and treatment for injuries that were visible to any layperson.

Defendants argue that this claim, too, should be dismissed because Plaintiff has failed to comply with pre-suit requirements for medical malpractice claims under state law.

Adhering to Eleventh Circuit preference, it is recommended that the remaining state law claims against these medical personnel be dismissed because it is recommended that all federal claims against them be dismissed.  See Raney v. Allstate Insurance Co., 370 F.3d 1086,1088-1089 (11th Cir. 2004) (district courts are

---

[5] Dr. Turner has not been served with the Second Amended Complaint, which was filed on February 13, 2006.

**No. 1:05cv52-mp/ak**

"encouraged" to decline supplemental jurisdiction when all federal claims are dismissed prior to trial); <u>Brunskill v. Boyd</u>, 2005 WL 1208632 (11th Cir. 2005) (district court properly dismissed prisoner's state law claims after dismissing all federal claims for failure to exhaust administrative remedies).

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions to dismiss (docs. 36, 48, 52 and 53) be **GRANTED**, and the claims against Defendants Karen Johnson, Nancy Thorlakson, Joan English and First Correctional Medical be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).  The matter should then be remanded for further proceedings relative to the claims against Defendant Sgt. James.

**IN CHAMBERS** at Gainesville, Florida, this **6**[th] Day of March, 2007.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:05cv52-mp/ak**