IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARION J. JAMMES, JR,

    Plaintiff,
v.                                            CASE NO. 1:05-cv-00052-MP-AK

ALACHUA COUNTY JAIL,
et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 66, Report and Recommendation of the Magistrate Judge, recommending that motions to dismiss filed by several of the defendants be granted, and that the case against them be dismissed for failure to exhaust administrative remedies.[1] The plaintiff filed objections, doc. 67. For the reasons which follow, the Court adopts the Report and Recommendation and grants the motions to dismiss.

Mr. Jammes was an inmate in the Alachua County Jail who was beaten after being placed back in a pod after he sought protection from another inmate in that pod. After the beating, the medical staff at the jail, Karen Johnson, Nancy Thorlakson, Joan English, and First Correctional Medical allegedly denied Mr. Jammes the medical treatment recommended by the outside health care providers selected by the Jail to diagnose his injuries. Mr. Jammes admits that the Alachua County Jail has a three-step grievance process, involving an informal grievance, a formal written

---

[1] Defendant Sgt. James did not file a motion to dismiss or join in the others' motions, and Defendant Turner has not been served, although Plaintiff alleges that a stay has been granted regarding such service. As noted in the Ordered and Adjudged paragraph, this matter will be remanded for further consideration of the status of these two defendants.

grievance, and finally, an appeal.  He also admits that although he filed three grievances, he never completed the entire three-step process for any of them.

The Court agrees with the Magistrate Judge that plaintiff has thus failed to exhaust his administrative remedies.  The Plaintiff argues, in his opposition to the motions to dismiss and in his objections, that no administrative remedies were available because the prison failed to respond to his first grievances, or that the defendants thwarted his attempt to complete an appeal after completing the first two steps.  That is, in his objections, the Plaintiff claims that he could not complete the third-step (the appeal) because prison officials never provided him with a copy of the denial of his second-step written formal grievance.  The Court agrees with the Magistrate Judge that this argument lacks merit.  When prison officials failed to deliver Mr. Jammes with a copy of the denial of his formal grievance, Plaintiff should have filed an appeal stating that officials had failed to respond.  Under the cases cited by the Magistrate Judge, such exhaustion of administrative remedies is mandatory, and the undersigned does not have discretion to waive this requirement.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The motions to dismiss at docs. 36, 48, 52, and 53 are granted, and this action is DISMISSED with regard to the defendants who brought such motions.

3. This matter is remanded to the Magistrate Judge for further proceedings with regard to the claims against Sgt. James and Defendant Turner.

**DONE AND ORDERED** this  _25th_  day of September, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge